**IT IS SO ORDERED**
*Judge James Ware*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY LAMONT TAYLOR,<br><br>            Plaintiff(s),<br><br>    v.<br><br>WILLARD et al.,<br><br>            Defendant(s). | NO. C02-5775   JW<br><br>**ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |
| JEFFREY LAMONT TAYLOR,<br><br>            Plaintiff(s),<br><br>    v.<br><br>CORRECTIONAL OFFICER GODINEZ et al.,<br><br>            Defendant(s). | NO. C03-1643   JW<br><br>**ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |
| JEFFREY LAMONT TAYLOR,<br><br>            Plaintiff(s),<br><br>    v.<br><br>CORRECTIONAL OFFICER WOOLF et al.,<br><br>            Defendant(s). | NO. C03-5153   JW<br><br>**ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |

Order to Show Cause
P:\PRO-SE\SJ.Jw\Cr.02\taylor5775osc1915g.wpd

United States District Court
For the Northern District of California

|   |   |
|---|---|
| JEFFREY LAMONT TAYLOR, | NO. C04-924  JW |
| Plaintiff(s), | **ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |
| v. |   |
| J. STOCKER et al., |   |
| Defendant(s). |   |
| JEFFREY LAMONT TAYLOR, | NO. C05-400  JW |
| Plaintiff(s), | **ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |
| v. |   |
| D.M. MANTEL et al., |   |
| Defendant(s). |   |
| JEFFREY LAMONT TAYLOR, | NO. C05-1719  JW |
| Plaintiff(s), | **ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |
| v. |   |
| LT. G.D. JORDAN et al., |   |
| Defendant(s). |   |
| JEFFREY LAMONT TAYLOR, | NO. C05-5072  JW |
| Plaintiff(s), | **ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |
| v. |   |
| CORRECTIONAL OFFICER RENYSO et al., |   |
| Defendant(s). |   |
| JEFFREY LAMONT TAYLOR, | NO. C06-183  JW |
| Plaintiff(s), | **ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |
| v. |   |
| DOCTOR SCARMOZZINO et al., |   |
| Defendant(s). |   |

Order to Show Cause
P:\PRO-SE\SJ.Jw\Cr.02\taylor5775osc1915g.wpd    2

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 1 | JEFFREY LAMONT TAYLOR, | NO. C06-485   JW |
| 2 | Plaintiff(s), | **ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |
| 3 | v. | |
| 4 | REGISTERED NURSE FLYNN et al., | |
| 5 | Defendant(s). _____/ | |
| 6 | JEFFREY LAMONT TAYLOR, | NO. C06-1600   JW |
| 7 | Plaintiff(s), | **ORDER TO SHOW CAUSE RE 28 U.S.C. § 1915(g)** |
| 8 | v. | |
| 9 | CORRECTIONAL OFFICER WILSON et al., | |
| 10 | Defendant(s). _____/ | |

Plaintiff, a prisoner at Salinas Valley State Prison and a frequent litigant in federal court, has filed numerous pro se civil rights complaints under 42 U.S.C. § 1983 alleging, among other things, that he has been deprived adequate dental care, threatened, harassed, and in some instances, beaten. In each case, Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

The Court has reviewed the pertinent records and finds that Plaintiff has had the following actions dismissed by a federal district court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted:

Order to Show Cause
P:\PRO-SE\SJ.Jw\Cr.02\taylor5775osc1915g.wpd   3

1. <u>Taylor v. Salinas Valley State Prison et al.</u>, C03-2626 JW
   (failure to state a claim regarding, <u>inter</u> <u>alia</u>, access to prison library);

2. <u>Taylor v. Wolff et al.</u>, C05-71 JW
   (failure to state a claim regarding, <u>inter</u> <u>alia</u>, confiscated or stolen personal property);

3. <u>Taylor v. Tower et al.</u>, C05-2247 JW
   (duplicative lawsuit)

4. <u>Taylor v. Wilson et al.</u>, C05-3495 JW
   (failure to state a claim regarding, <u>inter</u> <u>alia</u>, confiscated or stolen personal property);

5. <u>Taylor v. Salinas Valley State Prison</u>, C05-4112 JW
   (failure to state a claim regarding request for investigation into prison conditions);

6. <u>Taylor v. Bryant et al.</u>, C06-2222 JW
   (failure to state a claim regarding, <u>inter</u> <u>alia</u>, confiscated or stolen personal property).[1]

Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998). He is not. Plaintiff's lawsuits are actions for damages for past wrongdoing.

Accordingly, all outstanding requests to proceed in forma pauperis are DENIED. If the Court previously granted Plaintiff in forma pauperis status, such status is now REVOKED. Under the law of the circuit, however, Plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him. <u>See</u> <u>Andrews v. King</u>, 398 F.3d 1113, 1120 (9th Cir. 2005). Within 30 days of this order plaintiff may show cause why § 1915(g) does not bar pauper status for him. Failure to show cause, or pay the requisite $ 250.00 filing fee (or $350 for those cases filed after April 9, 2006), within the designated time will result in the dismissal of the actions without prejudice to bringing it in a new paid complaint.

Dated: May 17, 2006

JAMES WARE
United States District Judge

---

[1] At least two other lawsuits were dismissed on procedural grounds. <u>See</u> <u>Taylor v. Castillo et al.</u>, C02-5774 JW; and <u>Taylor v. Woolf et al.</u>, C03-5108 JW.

Order to Show Cause
P:\PRO-SE\SJ.Jw\Cr.02\taylor5775osc1915g.wpd    4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Jeffrey Lamont Taylor
D41759
D-6-129 C-1-131
Salinas Valley State Prison
P. O. Box 1060
Soledad, Ca 93960-1060

**Dated: May 17, 2006**              **Richard W. Wieking, Clerk**

                                     **By:__/s/_____**
                                     **     Melissa Peralta**
                                     **     Courtroom Deputy**

Order to Show Cause
P:\PRO-SE\SJ.Jw\Cr.02\taylor5775osc1915g.wpd